UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN JAMES McNELIS,<br><br>  Plaintiff,<br><br>v.<br><br>STEPHEN CRAIG,<br><br>  Defendant. | Case No. 1:12-cv-00007-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Plaintiff's Objection to the Appearance of Joseph D. Mallet as counsel for Defendant. (Dkt. 185.) The Court construes the motion as a motion to disqualify counsel. The motion is fully briefed, and the Court conducted a telephonic hearing on the motion on April 1, 2015, during which Plaintiff and counsel for Defendant, including Mr. Mallet, participated. A five day jury trial is set to begin on April 27, 2015.

# BACKGROUND

This case stems from the execution of a search warrant obtained via the use of allegedly falsified evidence. Late in the morning of January 6, 2010, Ada County Sheriff's Deputy Stephen Craig presented an affidavit in support of a search warrant for the McNelis residence to an Ada County Magistrate Judge. A search warrant was issued

on January 6, 2010, and the search was conducted that same day. During the search, a marijuana grow operation allegedly was observed. McNelis was arrested and charged with various drug-related crimes. Later, the charges against McNelis were dismissed after the state court conducted a suppression hearing.

Plaintiff filed a lawsuit in this Court on January 5, 2012, against Officer Craig, Officer Del Rio, Ada County, and Sheriff Gary Raney, alleging Fourth Amendment violations. After adjudication of several motions to dismiss and a motion for summary judgment, only the judicial deception claim against Officer Craig in his individual capacity remains for adjudication.

Joseph Mallet has been employed at all times mentioned in the amended complaint, and is currently employed, by the Ada County Sheriff's Office (ACSO) as its Chief Legal Advisor. (Dkt. 46-2.) At the conclusion of the criminal proceedings against McNelis and before this lawsuit was filed, Mallet requested that John Lewis investigate the circumstances surrounding the validity of McNelis's allegations that Craig included false statements in his search warrant application leading to McNelis's arrest. (Dkt. 46-2; 186-1.) The purpose for doing so was to allow Ada County and the Sheriff's Office to assess its liability risk in the matter, and defend any lawsuit that may be filed. *Id.*

Mallet has authored two affidavits, one attesting to the contents of Craig's personnel file and the results of the internal investigation, and the second about the policies and procedures for requesting such an investigation. The first affidavit was signed June 9, 2011, and submitted in support of a motion to reconsider the suppression ruling in state court. (Dkt. 186-1 at 8.) The affidavit summarized the results of the

internal investigation, and represented that Mallet had reviewed Craig's personnel file, which indicated an "excellent performance record" with "no prior discipline for any issue related to his truthfulness." (Dkt. 186-1 at 8.) The second affidavit was signed December 10, 2012, and was submitted in this case on April 24, 2013, in support of Defendant's motion for protective order. (Dkt. 46.) The affidavit addressed the report prepared by Mr. Lewis regarding the investigation conducted at Mr. Mallet's request.

Craig currently is represented by four attorneys presently employed by the Ada County Prosecutor's Office. Mallet did not enter an appearance on behalf of Craig or any other defendant until February 3, 2015. (Dkt. 185.) According to the notice, Mallet appears on Craig's behalf as a Special Civil Deputy for the Ada County Prosecutor's Office. (Dkt. 185.) Mallet never entered an appearance on behalf of Sheriff Raney, who was a named defendant until the Court dismissed the Sheriff as a named defendant on January 17, 2013. However, during the hearing on the pending motion, counsel indicated Mallet has assisted as counsel in his capacity as legal advisor for the Sheriff's Office and its employees throughout this lawsuit. For example, Mallet conducted McNelis's deposition in 2013, and other depositions in this matter. McNelis represents that Craig's employment with ACSO ended in October of 2011. During the hearing, counsel also confirmed that Craig is not presently employed with Ada County.

## ANALYSIS

McNelis objects to Mallet's appearance as counsel for Craig for three reasons. First, Mallet signed the above mentioned affidavits. Second, Mallet is listed as a person with "knowledge of events surrounding the claims of the Plaintiffs' complaint" by the

**MEMORANDUM DECISION AND ORDER - 3**

Defendants in their Initial Disclosures. Finally, McNelis states that he intends to call Mallet as a witness at trial. McNelis asserts that Mallet is in a "unique position" to testify regarding Mallet's communications with Craig, court documents for and about Craig, and knowledge about ACSO policies and procedures. During the hearing, McNelis indicated he intended to elicit testimony about the basis for the internal investigation of Craig by Lewis, and about statements in Craig's personnel file.

Craig argues the testimony McNelis may seek to introduce from Mallet is not relevant; any communications Craig had with Mallet are protected from disclosure by the attorney-client privilege; and, McNelis has not identified a proper basis for disqualifying Mallet as counsel because Mallet is not a "necessary witness." In response, McNelis argues that Craig should not be able to use the attorney client privilege to prevent discovery of or testimony about relevant information in this case, and that Mallet's representation of Craig may create a conflict of interest with ACSO.

Idaho Rules of Professional Conduct 1.7 (conflict of interest with respect to current client) and 3.7 (lawyer as witness) may be implicated. *See* Idaho Rules Prof'l Conduct 1.7, 3.7. Rule 3.7, the advocate-witness rule, provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

Idaho Rule of Prof'l Conduct 3.7(a)(1)-(3) (emphases added).

The Comments explain:

**MEMORANDUM DECISION AND ORDER - 4**

> Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client....
>
> The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

Idaho Rule of Prof'l Conduct 3.7 cmts. 1–2.

When an attorney is likely to be a witness, a Rule 1.7 conflict of interest may also exist or may exist even if a Rule 3.7 disqualification does not exist. *See* Idaho Rule of Prof'l Conduct 3.7 cmt. 6. Rule 1.7 specifically provides that a conflict of interest exists if "there is a significant risk that the representation of one or more clients will be materially limited ... by the personal interests of the lawyer." Idaho Rule of Prof'l Conduct 1.7(a)(2).

"Regarding motions to disqualify counsel in Idaho generally, it is clear that '[t]he moving party has the burden of establishing grounds for the disqualification.'" *Parkland Corp. v. Maxximum Co.*, 920 F.Supp. 1088, 1091 (D. Idaho 1996) (quoting *Weaver v. Millard*, 819 P.2d 110 (Idaho Ct. App.1991)). Moreover, "[t]he cost and inconvenience to clients and the judicial system from misuse of the rules for tactical purposes is significant. Because of this potential for abuse, disqualification motions should be subjected to 'particularly strict judicial scrutiny.'" *Optyl Eyewear Fashion Int'l Corp. v. Style Co., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (quoting *Rice v. Baron*, 456 F.Supp. 1361, 1370 (S.D.N.Y.1978)). When deciding whether to disqualify counsel, "[the] goal of

the court should be to shape a remedy which will assure fairness to the parties and the integrity of the judicial process. Whenever possible, courts should endeavor to reach a solution that is least burdensome to the client." *Weaver*, 819 P.2d at 115.

Looking to Rule 3.7 first, Craig argues Mallet is not a "necessary" witness, and therefore Rule 3.7 is not implicated. The Court agrees. Mallet's conclusions and observations upon review of Craig's personnel file and Lewis's report are not relevant. The Court in its memorandum decision and order denying Craig's motion for summary judgment outlined what McNelis must prove and the evidence he will need to present before a jury. The testimony will involve the conflicting evidence about Craig's trash pulls at McNelis's residence on the night of December 29, 2009, and the early morning hours of January 6, 2010, as well as testimony about the McNelis's trash habits. McNelis contends Craig fabricated the facts included in the affidavit that led to the search warrant and McNelis's arrest.

It does not appear that Mallet's demand for an internal investigation after the fruits of the search warrant were suppressed in state court is relevant; nor is Mallet's testimony about the investigation and report admissible, given investigator John Lewis can testify independently about his findings and conclusions, if the investigation is relevant. Further, Mallet's observations about Craig's disciplinary record is not relevant to prove Craig's conduct in submitting the application for the search warrant. Finally, even if relevant, there are more appropriate custodians of the personnel file records, many of which were provided to MecNelis in discovery.

Next, although it may be possible for Mallet's representation of ASCO to become adverse to Craig, Idaho law provides, by statute, that governmental entities "shall provide a defense to its employee, including a defense and indemnification against any claims brought against the employee in the employee's individual capacity, … and be responsible for the payment of any judgment…." Idaho Code § 6-903(2)(i). Thus, in this case, any conflict of interest is addressed by statute.

Nonetheless, the Court may use its inherent power to regulate the conduct of lawyers appearing before it, and has the authority to manage proceedings to secure the just, speedy, and inexpensive determination of every action. Fed. R. Civ. P. 1; *U.S. v. Ray*, 375 F.3d 980, 983 (9th Cir. 2004) (this power has been described as the authority to take actions "necessary only in the practical sense of being useful."). Although the Court does not condemn Mallet's involvement during this case as Chief Legal Advisor to the ACSO considering Sheriff Raney, and a Sheriff's deputy, were named defendants, Mallet's addition at this late date as the fifth attorney representing Craig, in his individual capacity, does not resonate well with the Court.

Although recently sworn in as a Special Civil Deputy for the Ada County Prosecutor's Office for purposes of this lawsuit, Mallet's first allegiance is as Chief Legal Advisor to Sheriff Gary Raney and the Ada County Sheriff's Office. There is no indication Craig was informed of this latest development concerning his legal team. Further, Craig already has four competent Ada County prosecutors representing his interests under Idaho Code § 6-903. And, although remote from the current vantage point, the Court sees no reason to risk the appearance of impropriety or a potential conflict if

**MEMORANDUM DECISION AND ORDER - 7**

Mallet is called and permitted to testify at trial as a fact witness by either McNelis or Craig. Thus, the Court believes it prudent to allow only the attorneys who appeared at the outset to represent Craig to be permitted to participate at trial of this matter.

Although McNelis has not made the specific and requisite showing to disqualify Mallet as counsel under Rule 3.7 or 1.7, the Court is limiting Mallet's involvement under its inherent authority to do so. In accordance with that authority, the Court will permit Mallet to continue to be a part of the defense team, but he will not be permitted to sit at counsel table for Craig, or be allowed to take an active part in voir dire, opening statement, direct and cross-examination of witnesses, or closing argument. Mallet may be present in the courtroom, however, during trial when any members, or former members, of the Ada County Sheriff's Office are testifying.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Objection to Appearance of Joseph D. Mallet for Defendant is **SUSTAINED IN PART AND OVERRULED IN PART.**

Dated: **April 02, 2015**

Honorable Candy W. Dale
United States Magistrate Judge